IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING                                                          PLAINTIFF

VS.                                  CIVIL ACTION NO. 4:11cv174-FKB

R. EDMONDS, et al.                                                 DEFENDANTS

## MEMORANDUM & OPINION

James C. Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to § 1983 raising claims of failure to protect and retaliation. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

Plaintiff alleges in his complaint, as amended, that prison officials failed to protect him from an assault by inmate Wayne Grant on September 28, 2011, and an assault by inmate B. Banks on October 29, 2011. He further contends that one of the defendants, R. Edmonds, allowed the assault by Grant to occur in order to retaliate against Plaintiff for filing lawsuits against Edmonds. Plaintiff also makes general allegations that prison officials have failed to provide a safe environment.

In his testimony at the *Spears* hearing, Plaintiff admitted that he has not completed the Administrative Remedies Program (ARP) process for any of the claims asserted in this action. He stated that although he has filed ARP grievances for his claims, they are still in "backlog" because of the number of prior grievances filed by him which remain pending.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The relevant section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through the administrative process. *Booth v. Churner*, 532 U.S. 731, 734 (2001). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Dismissal is appropriate where an inmate has failed to meet the exhaustion requirement. *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003).

For this reason, this action is dismissed without prejudice so that Plaintiff may be pursue his administrative remedies. A separate judgment will be entered.

SO ORDERED this the 5th day of June, 2012.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE